## F. M. JOPLIN v. MARGARET CORDREY.

[Abstract Kentucky Law Reporter, Vol. 4—56.]

**Partnership Losses After Death of a Partner.**

> The estate of a partner should not be held liable for any partnership losses occurring after his death except such as may have originated from the insolvency of parties who were indebted to the firm at the time of such death.

**Heir of a Partner May Sue for Partnership Settlement.**

> Although not a partner, an heir of a partner may sue and maintain an action for a settlement of the partnership and for an accounting.

### APPEAL FROM HARDIN CIRCUIT COURT.

May 20, 1882.

OPINION BY JUDGE PRYOR:

It is hardly probable that a business like that engaged in by the husband of the appellee and the appellant would yield such an immense profit in the course of two years, and while the statements of the appellant conduce to such a conclusion the facts of the case are all adverse to them. The parties at the time they formed the partnership only placed in the concern as capital $400 or $500 each, and in two years the profits realized is estimated in the thousands. We think the exaggerated statements made by the appellant were more for the purpose of eluding the vigilance

of creditors by inducing them to believe the firm was perfectly solvent than from any other motive. He was borrowing money to pay debts and induced the appellee, no doubt, to make him the loan of $800 on that idea and came near involving her in the partnership. He knew the condition of the firm and ought not to have held out such false values and for that reason in equity should be compelled to pay the debt of $800 with its interest; nor ought the estate of appellee's husband or the appellee be made liable for any losses occurring after the death of her husband except such as may have originated from the insolvency of parties who owned the firm prior to the death of Cordrey. There is no excuse on the part of the appellant for his ignorance in regard to the business of the firm, and to permit him to take advantage of the appellee under the circumstances would be inequitable, particularly when he undertook to continue the business, replenish the stock and transact its business as if no dissolution had occurred. It appears, or he so alleges, that with the firm assets he purchased or erected two dwellings on certain lots in the town, one conveyed to or in the possession of the appellee and the other in his possession. Now if the firm was really insolvent at the death of the husband of the appellee, and the appellant has paid the debts, or the creditors are seeking to subject the assets to their payment, there is no reason why both pieces of property should not be embraced in or regarded as assets belonging to the firm, and for that reason, if no other, the action for a settlement should not have been dismissed either in behalf of the appellant or the appellee. The appellee was in court insisting upon a settlement and was entitled to have one, although she was not a partner, nor do we think from the proof that she ever entered into the partnership, but she is interested in the result of the settlement and no objection has been made to the character of the action or the manner of uniting the several causes of action. It is perhaps proper under the circumstances to have the whole matter settled up, and in any event, so far as this record shows, the appellee must have her $800 or the amount of her loan refunded to her. The case must be reversed on both the original and cross appeal and should on its return go to the commissioner, the books of the concern be submitted for investigation, and the condition of the firm ascertained at the death of Cordrey so that the

chancellor may know whether the appellant was speculating upon the credibility of the appellee and the firm creditors, or was in fact realizing the enormous profits asserted by him as a fact on and after the death of his partner.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.   Each party to pay his own costs.

*Montgomery & Poston, for appellant.*

*Wilson & Hobson, Brown & Chelf, for appellee.*